**Document Filed Electronically**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IT'S A NEW 10, LLC, | : | |
| | : | **ECF CASE** |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-cv-4231 |
| | : | |
| HARMON STORES, INC., BED BATH & BEYOND INC. and CHRISTMAS TREE SHOPS, | : | District Judge: J. Paul Oetken |
| | : | |
| Defendants. | x | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, Harmon Stores, Inc. ("Harmon"), Bed Bath & Beyond Inc. ("BBB"), and Christmas Tree Shops, Inc. ("CTS") through their undersigned attorneys, respond to the Complaint as follows:

**PRELIMINARY STATEMENT**

Defendants' product at issue in this case is an addition to its HARMON® FACE VALUES™ store brand line for a "leave-in conditioner with keratin." Defendants developed this product to be a store brand to compete with Plaintiff's product "IT'S A 10" for its "miracle leave-in plus keratin" product, but not to be confused with Plaintiff's product.

Defendants' product is identified as a store brand by its labelling with the HARMON® FACE VALUES™ store brand label carried on the many other store brands in the Harmon line. Unlike Plaintiff's product that comes in a uniquely shaped container with a purple color body and an orange cap, Defendants' store brand uses a stock cylindrical shaped container with a blue

color body and an orange cap. Defendants' product also does not use Plaintiff's distinctive "IT'S A 10" trademark with the 10 in a white circle encircled by an orange ring, but uses the different mark "instant therapy" in white lettering over an orange circle with a white ring. Defendants' product is identified as a store brand and is quite different in overall appearance and unlikely to be confused with Plaintiff's product. Accordingly, Defendants have not caused trade dress infringement, false designation of origin, dilution, unfair competition or unjust enrichment, as alleged in the Complaint.

Defendants respond to the paragraphs of the Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit that Defendants' store brand HARMON® FACE VALUES™ instant therapy leave-in conditioner with keratin has been distributed by Harmon and has been sold in Harmon, Bed Bath & Beyond and CTS stores, but specifically deny all other allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants deny that they have intentionally committed any tortious act within this district or outside the State of New York causing injury to Plaintiff within the judicial district; deny that defendants have intentionally directed any infringing activities in the State of New York; admit that Defendants have engaged in business activities in this district and are

doing business in the State of New York and in this judicial district; and admit that Defendants operate stores in New York and in this judicial district.

8. Defendants admit that they have sold and promoted the accused product in this district, but deny the other allegations of paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore deny them.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore deny them.

11. Defendants admit that Plaintiff sells its "Keratin Collection" products shown in Image 1, but deny that Plaintiff has a distinctive trade dress in its products, deny that these products use a "distinctive color scheme of a unique shade of blue for the body with an orange cap and dominant circle in the center that is blue, orange and white," and deny all other allegations of paragraph 11.

12. Defendants admit that Plaintiff sells its "Conditioning Collection" shown in Image 2, but deny that Plaintiff has a distinctive trade dress in its products, deny that these products use a "distinctive color scheme of a unique shade of blue for the body with a magenta/purple cap and dominant circle in the center that is blue, purple and white," and deny all other allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny them.

15. Defendants deny the allegations of paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore deny them.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore deny them.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore deny them.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore deny them.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore deny them.

22. Defendants deny the allegations of paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore deny them.

24. Defendants admit that they have developed a store brand for the HARMON® FACE VALUES™ line called "instant therapy" for their "leave-in conditioner with keratin"; deny that this product is an infringing product; and deny all other allegations of paragraph 24.

25. Defendants deny that the Image 3 accurately sets forth the color of these products (which is accurately shown in the photograph at page 2 of Defendants' Brief in Opposition to Plaintiff's Order to Show Cause for Preliminary Injunction (Dkt.13)); and deny all other allegations of paragraph 25.

26. Defendants deny: (a) that Plaintiff has trade dress rights to the combination of a "unique shade of blue" (i.e. purple) for the body and an orange top; (b) that Defendants' product uses the same color combination as Plaintiff's alleged trade dress; (c) that Defendants' labelling of the name "instant therapy" over an orange circle with a white ring is at all similar to Plaintiff's use of its "IT'S A 10" mark with the 10 in a white circle with an orange ring; (d) that Plaintiff has any exclusive rights to the description "leave-in plus keratin"; (e) that Defendants' use of "leave-in conditioner with keratin" on its product is confusingly similar to plaintiff's labelling of "miracle leave-in plus keratin" on its product; (f) that Defendants' product in any way is likely to cause confusion with Plaintiff's product; and (g) all other allegations of paragraph 26.

27. With respect to labelling on Defendant's product, Defendants admit that to signal to customers that the product is the Harmon store brand, Defendants use the following language at the bottom front of the container:

Compare Ours to
It's a 10® miracle leave-in
plus keratin*

the star in this notice refers to the notice on the bottom back of the container which reads:

*This product is not
manufactured or distributed
by it's a 10® Inc., distributor
of it's a 10 miracle
leave-in plus Keratin.

Except as admitted, Defendants deny the allegations of paragraph 27.

28. As to the first sentence of paragraph 28, Defendants admit that as a store brand, Defendants' HARMON® FACE VALUES™ "instant therapy" leave-in conditioner with keratin is sold in Defendants' stores next to Plaintiff's product for which it is a store brand, namely the "IT'S A 10" miracle leave-in plus keratin product that is sold in a uniquely shaped bottle, but

denies all other allegations of the first sentence of paragraph 28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 28, and therefore deny them.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore deny them.

30. Defendants admit that Image 5 appears to be some of Plaintiff's products from its Conditioning Collection for IT'S a 10 products, deny that the image accurate depicts the colors of Defendants' product, and denies all other allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants admit that its HARMON® FACE VALUES™ "instant therapy" leave-in conditioner with keratin is sold in Christmas Tree Shops and Bed Bath & Beyond, but deny that such products are infringing and deny all other allegations of paragraph 32.

33. Defendants aver that their product was designed to be a store brand and to be sold next to Plaintiff's product, but deny that Defendants' product is placed next to Plaintiff's product in an effort to confuse consumers into believing that Defendants' product is part of Plaintiff's "IT'S A 10" product line or any product within that line, and deny all other allegations of paragraph 33.

34. Defendants admit that their HARMON® FACE VALUES™ "instant therapy" leave-in conditioner with keratin has been sold at Christmas Tree Shops in New York and in this judicial district, but denies all other allegations of paragraph 34.

35. Defendants admit that their products are store brands for certain of Plaintiff's products, as specified on the labeling for the product, but deny all other allegations of paragraph 35.

36. Defendants deny the allegation of the first sentence of paragraph 36; Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of paragraph 36 and therefore deny them; Defendants admit that their product is a "leave-in conditioner with keratin," but deny all other allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants repeat and reallege their responses to the preceding paragraphs, as if fully set forth here.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny that they need authorization from Plaintiff to market a store brand for Plaintiff's product, and deny all other allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants repeat and reallege their responses to the preceding paragraphs, as if fully set forth here.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants repeat and reallege their responses to the preceding paragraphs, as if fully set forth here.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants repeat and reallege their responses to the preceding paragraphs, as if fully set forth here.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants repeat and reallege their responses to the preceding paragraphs, as if fully set forth here.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants repeat and reallege their responses to proceeding paragraphs, as if fully set forth here.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

## DEFENSES

### First Defense

1. Each and every count of the Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Defense

2. Plaintiff has no trade dress rights in a combination of a “unique shade” of blue for a body, and an orange cap, and a dominant circle design in the center that is blue, orange and white.

3. Plaintiff's alleged trade dress is inconsistent with the appearance of its products at issue, particularly in that its products have a unique container shape, the alleged "unique shade of blue" is actually purple, and the dominant circle design in the center is in actuality Plaintiff's trademark "IT'S A 10" with the number 10 in a white circle and encircled by an orange ring that is not centered on the label.

**Third Defense**

4. Defendants have not infringed any trade dress owned by the Plaintiff. Defendants are entitled to sell a lower-priced store brand for Plaintiff's product that will not be confused as to source with Plaintiff's product.

5. Defendants have taken significant steps to ensure that their product will not be confused with Plaintiff's product, including use of the HARMON® FACE VALUES™ store brand mark used for hundreds of other of defendants' store brands, and use of the "instant therapy" product name having no similarity to plaintiff's "IT'S A 10" trademark.

6. To ensure that its product will be seen as a store brand, Defendants have also indicated on the front of the label: "Compare Ours to it's a 10® miracle leave-in plus KERATIN" and on the back of the product a disclaimer: "This product is not manufactured or distributed by it's a 10® Inc. distributor of it's a 10 miracle leave-in plus Keratin."

**PRAYER FOR RELIEF**

WHEREFORE, defendants Harmon Stores, Inc., Bed Bath & Beyond Inc. and Christmas Tree Shops demand judgment as follows:

A. Dismissal of the Complaint with prejudice;

B. A declaration that defendants have not infringed any valid and enforceable trademark rights of plaintiff;

C. An award to defendants of their attorneys' fees and costs in connection with defending the present action; and

D. Such other and further relief as the Court deems proper.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Defendants Harmon Stores, Inc., Bed Bath & Beyond Inc. and Christmas Tree Shops*

Dated: August 8, 2017

By: s/Charles P. Kennedy
Charles P. Kennedy
Bruce H. Sales (*pro hac vice*)
Tel: 908.654.5000
E-mail: ckennedy@lernerdavid.com
bsales@lernerdavid.com
litigation@lernerdavid.com